UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

CIVIL DIVISION

Kenneth B. Cooks

Plaintiff,

v.                         Case No. NEW CASE

HEARTLAND EXPRESS,

MEDICAL FACILITY B (fictitious name for unknown medical facility),

and ABC TECHNOLOGIES, INC. (fictitious name for unknown manufacturer),

Defendant

1. Introduction:

Plaintiff, Kenneth B. Cooks, brings this action against Defendants, Heartland Express, Medical Facility B (fictitious name for unknown medical facility), and ABC Technologies, Inc. (fictitious name for unknown manufacturer). This complaint arises from the negligent actions of the defendants, which resulted in extreme and significant psychological, physical,

financial, and emotional distress, damage and sabotage to the plaintiff over the timespan of 10 years

2. **Parties:**

Plaintiff: Kenneth B. Cooks, worked as an employee at Heartland Express between June 2015 until February 2017.

3. **Defendants:**

Heartland Express, the CDL company where the plaintiff worked.

Medical Facility B (fictitious name for unknown medical facility), the facility that employed the nurse who brought in the technology to Heartland Express that was connected to and hooked all over the plaintiff's head and body.

ABC Technologies, Inc. (fictitious name for unknown manufacturer), the manufacturer of the technology that Medical Facility B brought in through the nurse to Heartland Express that was connected to and hooked all over plaintiffs head and body

4. **Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to Florida Statutes § 26.012, which provides that the circuit courts have jurisdiction of all civil actions not cognizable by the county courts.

Venue is proper in this district pursuant to Florida Statutes § 47.011, which states that actions must be brought in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. In this case, the events giving rise to this action occurred in "Jacksonville, Florida", and at least two of the three defendants reside in this jurisdiction.

5. **Factual Background / Allegations**

Plaintiff alleges as follows:

1. Plaintiff, Kenneth B. Cooks, was employed by Heartland Express as a professional Class A OTR CDL Truck driver from June 2015 to February 2017
2. Medical Facility B employed a nurse who was responsible for introducing a new medical technology into the workplace at Heartland Express that all new employees such as the plaintiff and others employed within that time frame were required to have hooked onto their heads and wireless electrodes that were synchronized with a visibly portable and remote laptop onto their body in a separate private room.
3. The Plaintiff was instructed during part of the orientation process to proceed to a private and secluded room within the facility of Heartland Express and to take off all their clothes and only wear paper medical facility style blue small shorts where the technology was hooked onto the head and body of the plaintiff and told that the technology was solely for "Muscle Memory" in the event that a accident were to occur and that it would be used to store all the plaintiffs information
4. The Nurse instructed the plaintiff that had the small helmet size device attached to their head and half dollar sized wireless electrodes( electrode pad with a small box that had a light at the end of the box) connected all over their body from neck to ankles to make a lot of strange and weird movements and poses and then to the plaintiff to hold still in a pose while the movements and information were synched and stored into the laptop at a distance
5. The Plaintiff was instructed to again make a lot more strange movements and poses and hold still while the movements and information was stored into the laptop at a distance as the information was loaded onto the laptop like a loading bar and frequency symbol onto the laptop.
6. The technology, manufactured by ABC Technologies, Inc., was said to be intended for Muscle Memory by the nurses statement that administered it to the plaintiff, but upon further investigations years later through research it was discovered to be created and manufactured for another reason as being said to help drivers change bad habits which is clearly a mismatch of statements and purposes for the true intended use for such said technology.

7. During the time of employment with the said company Heartland Express, while the technology was used to synchronize private information regarding the plaintiff into a remote laptop, several malfunctions occurred throughout that time or the technology was used for nefarious reasons by whomever had access to or was using the technology to remotely monitor the plaintiffs private thoughts, life, words, speech, behaviors, lifestyle and patterns as well as being used as a tool to program, coerce, and seek to influence and control the plaintiffs thoughts, attitudes, behaviors, speech, decisions and decision making processes as well as overall lifestyle, as well as being used as a tool to target, harass, intimidate, silence, and sabotage the plaintiff remotely and silently in ways that were not easily detectable upon initial and latter use and and also somewhat complex to prove to outside observers all without the plaintiffs logical and acute awareness or permission, resulting in ongoing and permanent ringing and frequency sounds ongoing in the plaintiffs ears often times changing tones and pitches occasionally, forced thoughts, speech and behaviors intended to cause self sabotage the plaintiffs life, relationships, finances, mind, body, emotions, and overall lifestyle. Along with these damages described the plaintiff also experiences electric burns and marks all over their body in the same places that the electrodes were originally attached and connected to their body, massive psychological confusion and a intense inability to focus and disorientation occurred to the plaintiff during this time up to now as well to make the plaintiff look delusional and incompetent should they ever attempt to bring this case forward as a means to discredit their complaints as mental illness. On top of these devastating and harmful effects that the plaintiff has been experiencing silently for years the plaintiff also suffered from many restless nights and inadequate sleep due to the technology as when the plaintiff did attempt to go to sleep after driving many hours throughout the day the plaintiff experienced their entire body jerking and jolting all throughout the night to force them back into an awake state and not be allowed to adequately sleep and rest the required hours that CDL drivers are required to take for proper breaks and rests as the standard for professional CDL drivers. The plaintiff also experienced the sensations of buttons

being pushed repeatedly throughout their body over and over for years in the exact places where the electrodes were attached to their body and also where the marks and spots surfaced onto their body even up until now. The plaintiff also experienced unnatural tiredness and extreme exhaustion after only working a few days during the week where the plaintiff was recently employed through other companies and stayed over the road for four weeks at a time and never complained or felt that tired and exhausted as only working a few days with Heartland Express.The plaintiff felt as though they were being deliberately influenced, coerced, weaponized, controlled, manipulated, monitored and their private ideas and thoughts were being harnessed and collected while they were enduring extreme forms of harassment and confusion in isolation inside the truck after the technology was synchronized to them all of which never took place until the technology was hooked on their head and body.

8. During the time of employment with the company Heartland Express the plaintiff recalled several other individuals also coming to him some of which were also a part of the same orientation group the plaintiff was employed through all complaining that something was not right with the company later on even though they have all worked for several other companies before just as the plaintiff has, but the plaintiff and the other individuals were all complaining that something was wrong and not right with this particular company they were employed with as each individual did not know or assume at that time that maybe it was the technology really doing the harm and damage that was causing the complaining and issues.

9. The plaintiff recalled that once they left employment with the company certain things were being done to make them look even more incompetent and as though they were unable to hold employment with a company and was forced to go from one job to the next repeatedly where in the past they remained employed for years at a time before terminating employment.

10. The Plaintiff also recalls during employment, after employment, during time off from employment on hometime breaks and later throughout the years as well they were constantly receiving constant strange phone calls on their cellular devices

from unknown individuals, being harassed, mocked, cell phones, laptops, and other technological devices were hacked and sabotaged repeatedly from unknown individuals and particularly at times when the plaintiff researched and discovered solid proof and evidence to justify their claims and decided to come forward and pursue legal actions for the things being done to them.

11. The plaintiff also recalls several times they intentionally decided to come forward and pursue rightful and justifiable legal actions that deliberate and often extreme forms of sabotage were done to their lives, devices, mind and body in attempts to prevent such actions from occurring.

12. During several times throughout the course of this extreme targeting, influence, monitoring and control the plaintiff genuinely decided to attempt to pursue a claim but was also simultaneously suffering from the psychological damage being done to them silently that they were not mentally in the right state of mind at those times and did not discover the real source of their problems and ailments until the year 2019 after much research, conversations with others and obvious patterns. Prior to 2019 the plaintiff was unaware of what exactly was going on to them nor the cause for the things they were experiencing.

13. The plaintiff also suffered from having to be isolated and alone while dealing with these extreme and unjust forms of invasion that their livelihood, relationships, finances, mental, emotional, and physical life was routinely and repeatedly being damaged and sabotaged and due to the fact that it was hard to explain to others the things they were dealing with privately without being misunderstood or misinterpreted by other individuals who may have not had to deal with such things.

14. In all their has been very obvious and detectable patterns that the plaintiffs mental, emotional, physical, financial, career, relational, vehicles, phones, laptops, and other devices has been the subject of routine and repeat targeting, harassment, and sabotage from a collaborative effort to attempt to silence, intimidate, control and coerce the plaintiff from the beginning of the time they had the technology hooked onto them up until now.

15. To sum it up the company Heartland Express which the plaintiff was employed through brought in a third party nurse from a medical facility in close proximity to the company and hooked the technology onto the plaintiff and other individuals throughout that time and said the technology was for one thing other than what it was originally created for by the manufacturer. Then the plaintiff believes and has very accurate proof along with the obvious effects and patterns that has happened to their life to justify that the technology was indeed used instead for nefarious and malicious purposes without the plaintiffs consent to use such technology for such reasons and as a result the plaintiff has had to suffer in many and numerous areas of their life for something that they were innocent to, unaware of and did not consent to in a malicious and deliberate way but also in a way that is unsuspecting and not easily detectable.

16. Heartland Express as a company failed to adequately notify the plaintiff of the real intent and purpose of the technology being used. The Medical facility that brought in the nurse as a third party is part of the core blame because they actually administered the technology hooked on the plaintiffs head and body. The technology manufacturer may or may not be also liable due to the technology malfunctioning and causing very adverse and extreme side effects.

Plaintiff, Kenneth B. Cooks, is a resident of Pensacola, Florida.

Defendant, Heartland Express, resides in Jacksonville, Florida

**5**. **Claims for Relief**

1. **Negligence Against Heartland Express**:
   - **Claim**: Heartland Express is liable for negligence for inadequately notifying and advising the plaintiff of the true purpose and reasoning of the technology being connected
   - to and hooked all over their body that eventually caused a lot of harmful damage and for introducing the harmful technology brought in by the third-party medical company to be connected onto their employees and the plaintiff.
   - **Basis**: Heartland Express had a duty to ensure that all medical technologies used at its facility were safe and that employees received proper training on their true use, purpose and overall true intent. The failure to do so directly resulted in harm to the plaintiff.

2. **Vicarious Liability Against Medical Facility B**:
   - **Claim**: Medical Facility B is vicariously liable for the negligent actions of its employee, the nurse, who administered the harmful technology to the plaintiff and also not disclosing the true and honest intent of the technology.
   - **Basis**: The nurse was acting within the scope of her employment when she administered the technology, and Medical Facility B is responsible for her actions, which caused injury to the plaintiff.

3. **Strict Product Liability Against ABC Technologies, Inc.**:
   - **Claim**: ABC Technologies, Inc. is strictly liable for the injuries caused by the defective technology it manufactured, which was unreasonably dangerous for its intended use.
   - **Basis**: The technology had inherent defects and ulterior motives that rendered it unsafe, and ABC Technologies, Inc. failed to provide adequate warnings or instructions, leading to the plaintiff's injuries

6. **Detailed Breakdown of Damages**

The Plaintiff seeks compensatory damages in the total amount of **$2,014,000**, broken down as follows:

- **Severe Emotional Distress**: **$500,000**
  Justification: This amount reflects the profound impact of extreme emotional distress, psychological distress, trauma, physical distress, anxiety, and depression on the Plaintiff's daily life, including significant disruptions in personal and professional relationships.

- **Long-Term Psychological Impact (Future Self-Care Treatments)**: **$300,000**
  Justification: This covers future mental health treatment costs, including therapy sessions and holistic therapies in the course of the upcoming years.

- **Substantial Lost Wages**: **$114,000**
  Justification: This amount represents lost income due to an inability to work for an extended period or loss of a high-paying job, calculated based on salary history.

- **Severe Physical Health Issues**: **$200,000**
  Justification: This amount is based on ongoing physical health issues resulting from stress-related illnesses and chronic pain, anticipating extensive medical treatment.

- **Reputation and Career Damage**: **$200,000**
  Justification: This reflects the financial impact of lost business opportunities and professional relationships due to reputational harm.

- **Loss of Personal Relationships**: **$200,000**
  Justification: This accounts for the emotional toll of significant personal relationship breakdowns, leading to isolation and distress.

**6. Prayer for Relief**

WHEREFORE, Plaintiff, Kenneth B. Cooks, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

1. **Compensatory Damages**:
   Total amount of **$2,014,000**, broken down as follows:
   - Severe Emotional Distress: **$500,000**

- Long-Term Psychological Impact (Future Self-Care Treatments): **$300,000**
- Substantial Lost Wages: **$114,000**
- Severe Physical Health Issues: **$200,000**
- Reputation and Career Damage: **$200,000**
- Loss of Personal Relationships: **$200,000**

2. **Punitive Damages**: **$500,000**
3. **Costs of the Action**: Amount to be determined, including reasonable attorney's fees and any other expenses incurred in the prosecution of this case.
4. **Pre- and Post-Judgment Interest**: As allowed by law on any amounts awarded.
5. **Any Other Relief**: Grant such other and further relief as the Court deems just and proper.

**7. Signature Block**

Dated: June 5, 2025

Kenneth B. Cooks

5940 Mona Ln

+1-503-782-3017

Pensacola, Florida 32504

kics5577@gmail.com